the next case is David Davis v. Lempke Good morning may it please the court Robert Culp assigned counsel for the state court I promise not to use the word flush other than that moment just now when I did use it the this is a case actually about attorney failure this is a man who's doing 19 to life for in state prison for felony murder he protested his innocence that he wanted nothing to do with the robbery that he has a colorable argument certainly that his state appellate attorney failed him by not raising an argument on state appeal that resulted in a reversal of his co-defendants conviction they were argued separately then he retained counsel for post conviction proceedings in both state and federal court and was again failed as that counsel who was here in the prior time this argued candidly admits this is a case about equitable tolling as you know I don't think there's any doubt that if you drew a line at say April of 2013 when those letters between the petitioner and his counsel were exchanged and there was a recognition that that the petitioner wanted him to file on a timely basis and of this concern about the quorum no best proceeding in state court only tolling rather than restarting the petition that if you drew a line around that time that this would clearly satisfy equitable tolling but then you've got this subsequent period of time that the district court called bizarre and I agree it's bizarre where some months go by and then the lawyer sends some more letters almost as if the prior letters hadn't occurred saying oh yeah we've got we've got plenty of time that the limitations period restarts after the quorum no best proceeding. Let me just put my question on this. If a question the question as you put it is due diligence during this second period of time yeah and I can see two things one he just lost interest and therefore no due diligence and there really isn't enough evidence I mean you say send it back for another discussion but it went back and the district judge looked at things so I don't really go that way. The argument the other way and I'd like both sides to focus on it is did this guy a pro se rely on the fact that the lawyer said now the law is different from the way I had told it to you before and I am doing research because if he could rely on the lawyer saying you know I was wrong it doesn't toll only for this amount it it's understandable that he wouldn't write if a lawyer tells him I got a year why should I bother you're doing okay but that's the question can a pro se rely on a statement like that which counters what the lawyer said before. I think I think we have no choice but to conclude that he's entitled to rely on what his lawyer is saying to him and it's not his job to play senior partner in the firm and say hey wait a second six months ago you sent me a memo that said something completely different I think he's he hired this lawyer he was placed in this lawyers care to prosecute his case going forward and as a fact I actually disagree with you about whether whether there's at least a need to know more I certainly would like to know more we don't know why he didn't respond to this second group of letters it's not in this record we have the lawyer saying I screwed up in various. Let's assume for a moment that he did not respond can somebody in that situation simply say I responded I responded I responded as long as I thought that the deadline was this and I pressed my lawyer continuously during that time when my lawyer tells me that I've got it a lot more time okay and that's due diligence that's my question is that due diligence or no? I think it's due diligence. Well that's that's very close to Dylan V Conway. Oh certainly certainly and Holland the difference that what makes this case bizarre is that there's this second period of time where you've got the additional letters where where he does not respond to them or it's not in the record there there's hints of . . . We have to talk about whether this is an extraordinary circumstance and due diligence. Yes. I'm having difficulty as the district court did with Smaldone and and just what the state of our law is where we've said repeatedly errors like this are not extraordinary unfortunately. It's not garden variety I by the way I think that's a horrible phrase and it's what happens in this garden anyway but but Smaldone is that kind of case is where even though it is the same mistake as in this case I believe there was a quorum nobis application in that case too there's no there's no undertaking but I'm sorry the question was resetting the exact same yes I agree I'm just yeah but he just screwed up in in Smaldone whereas here the attorney had made representations over time that he was he was on top of this and then he he changed those representations but in terms of to me that's extraordinary a lawyer took took an undertaking then changed the undertaking and we don't know why we don't know what the client's reaction was okay he was he didn't he wasn't mistaken from the start at some point he had it right and then he got it wrong but that doesn't seem a way to distinguish the attorney just got the limitations period wrong from the outset it's it's not just a mistake he made he made he made undertakings to his client to to to abide by of the the file I have trouble distributing a case like Dylan from a case like Holland I mean you know in a case like Dylan they both look the same and in one we say there's more and in the other we say there isn't and I almost wonder whether in those cases courts are not affected by the underlying mayor possible plausible merits of the underlying case that we're more likely to say that this is attorney plus where we think that there is some merits clause possible merits to be underlying action and less likely to do it now we shouldn't do that but I just wonder because those two cases seem so similar to me in terms of the turning behavior and we come out in different ways but they may be different in the plausibility of the underlying action well I did mention that his co-defendant had his conviction overturned on this question for a reason but I have to concede that that that the underlying merit is not part of the the equitable toll and test I have to concede that yeah if it's there it's there but it isn't something we talk about yeah there there is some difference between Holland and Dylan and I believe in Dylan there was a an affidavit filed by counsel that said I was told repeatedly by my client and advised you must file well before the final date right and I explicitly ignored that and so that was that was different from I think Dylan was the case where the client said don't miss the deadline don't take a chance with missing it by it and he did miss it by it one day I don't think that's dissimilar to what happened here again it leave out what happens afterwards certainly your client was saying please please please please be careful be careful and even got into the the substance of the the tolling tolling law but the question for me becomes and since I'm out of time maybe I'll try to wrap up on this is is should his subsequent unexplained it's not explained in this record silence in the face of his lawyers reversal should that deny him access to the federal courts for the great red I I say no I say he was diligent and I say this is extraordinary it's bizarre but bizarre but also extraordinary one of the way one of the framework to view this is did the lawyer here abandon his client and that was one of the I think driving issues in in Dylan in one sense but where's the abandonment here assuming you agree that that's a frame to to review this I don't I don't I don't think he abandoned the client he but he abandoned his undertaking to his client I see that as different I don't think this is one of those cases where oh thanks for the retainer fee and then disappear no one's answering phone calls some of the cases are like that I think this this guy stayed involved but but he he specifically he was a retained lawyer who made an undertaking to his client to get it right he said he would said he understood it and would get it right and then went completely off course so it's an abandonment of his undertaking I don't know that he abandoned the client in the way that in some of those cases where people take in wins they're not answering calls from family I don't think it's a situation quite like that your honor that's right it's more like Dylan than the other cases if it's at all you know good morning your honors may it please the court I'm going to apologize ahead of time on the tail end of a bad cold here so I hope we don't use up all my ten minutes with a little coughing fit but I'll do my best I want to address what we just ended with which was the idea of abandonment in this in in any measure of equitable tolling the first thing you must find is extraordinary circumstances and in all the cases where extraordinary circumstances was found found you find that abandonment in Dylan what you find and the court repeatedly used the term affirmatively and knowingly misled his client in fact they that he made deeply misleading statements to his client so there was an effective abandonment there because he severed that attorney-client relationship that is enough isn't what this client this lawyer said just as affirmatively misleading he said I'm doing research I'm doing research I'm doing research I'm doing research and he didn't know he know he did not knowingly ever mislead his client and that's illustrated by the fact that when he realized his air he immediately reached out to his client and told him his air the words of the attorney himself in the hearing below are instructive here when he was on the stand testifying he said I promised him I would not abandon him later in that same hearing he said it was a mistake it was a simple error he himself has set the standard here of what he did he made a garden variety air that does not rise to the level of extraordinary circumstances simply because he makes that air later in time than earlier in time I'm focusing less on the error that is if all was involved was that this lawyer at time one thought that tolling was the correct time in the time to the tolling was the incorrect that would be an error but he says I'm doing research and he didn't that's a misrepresentation that's a lie I don't know and I and you know I don't know if that's enough but that's why I come back to Dylan which is different from the full abandonment cases where we said where there is a lie of that sort that's enough now I still have problems about what happened after and that's a different issue but but I just wonder whether this case isn't close enough to Dylan and then I asked myself again what's the difference whoever was something underlying in Dylan merits but that's a different problem when you say in in this case that he says I was doing research and then you say he did not I'm not exactly sure what you're referring to there but I would argue that he he didn't much research he did much research on the underlying claims of this case as are evident by the papers he put in the research maybe you're referring to as to the timing I don't think that that's what he was referring to well except that the person was saying be very sure that you're doing the timing be very sure that you're doing the timing and he says don't worry I'm doing research don't worry I'm doing research so you know I think he had to be I mean it's reasonable to say that he was doing research as to the timing I would have to respectfully disagree because he certainly knew the correct timing to begin with he gave the correct timing and then he said he was doing research I'm going to assume he was doing research on the case itself because then he gives the wrong timing if he was doing research on the timing he would have certainly found that it was the correct point right so I don't I well I think the research was on something else I'm gonna have to just respectfully disagree no evidence that he did not do any research no there is no evidence to that I in fact as I said the papers underlying are are quite well done I he's an attorney that did a wonderful job laying out his his clients well I think in this particular case what we would argue is we don't have to tell you what happened that's the burden of the petitioner can get another shot to talk about what he did or didn't lawyer you gotta find a lawyer who did any number of things wrong because afterwards he does all sorts of conflict things which are wrong which in Martinez says are relevant to the behavior of a lawyer I mean this lawyers behavior you may say he was a good lawyer who did things but his behavior on conflict was clearly incorrect I mean he goes and deal and has people he says there is no conflict when he is involved in the case you know I don't there's plenty of problems in this case but I wouldn't defending this lawyers conduct I think is is going down the wrong well I think in this case it's not so much that I'm defending the lawyers conduct but in this particular instance talking about the petitioner in his burden it's his burden to show the extraordinary circumstance and his diligence and he has failed on both prongs especially when it comes to his diligence he wants an opportunity to have the defendant come in and speak about whether or not he got these letters he has had three opportunities to put in an affidavit saying whether or not he's received these letters I have I have as I said I have more problem with that and my question on due diligence is if we assume for the moment which you don't concede and is not easy that this lawyer behaved in such a wrongful way that it is attorney plus then is it due diligence for a pro se jailed person who has been extraordinarily diligent when the lawyer says don't worry we've got a full year so don't bug me about every day about coming in but that the person takes him at his word is that due diligence I don't think we have a case on that I would argue that you don't the very construct of due diligence if you go with your theory that he can basically detrimentally rely on his attorney's conduct then you eliminate the need for the due diligence aspect of this you would just have to have the extraordinary circumstance no what you have to have is evidence of somebody who was extraordinarily diligent and stopped doing it on the basis of a reliance this this it isn't the extraordinary conduct but whoever realistically you want to say that somebody who is a pro se and who has shown every incidence of negligence and there is no evidence because there's no evidence that's right you say there's no evidence and I'm inclined to agree with you as to why all of a sudden he stops except this letter from the lawyer saying we got lots of time his diligence has to be in order for him to show reasonable diligence for exploitable tolling he has to show that diligence throughout the period of time that he referring to happens long before the alleged extraordinary circumstances ever occur that says that essentially the lawyer says don't worry about the time I got I'm taking care of it and I think the argument is that at that point is the is the is it diligent to say okay I've just I've received a reasonable person would are we are we able to infer on this record that that's what happened I don't think that you are I I think that again the the reason for the due diligence question is because that's required throughout the entire time you can't all of a sudden get one letter from your attorney and then throw your hands up and say that's it I no longer have to be diligent that's not what any of these cases say in in Harper and all of the cases that talk about tolling it has to be throughout the period of time that you seek to toll have to behave reasonably throughout the time and the question is is it reasonable throughout the time to have relied on that it's completely unreasonable for a petitioner who knows the statute of limitations to receive not one not two but three letters that state the incorrect statute of limitations and then never respond for more than six months he knows the statute does this isn't a lawyer have you this is somebody who early on had been told the statute of limitation is X and then worries desperately about his lawyer meeting it he then gets told by a lawyer I have done research and the statute of why and he relies on that now if we if we were to put it in the context not of this but whether a reasonable person purchasing goods or something of that sort could rely on a statement of that sort and not do more you know I don't know it's a very very unusual case because you I I just have not seen a before I and I don't mean that you don't have a strong argument before and that you might not have I just am puzzled I would have to disagree with you on your first contention the petitioner himself is the one who initially gives the the statute of limitations calculation he doesn't get it from his attorney and then check it and say oh I think that's correct he offers the statute of subsequent letters from his attorney three times the calculation is done incorrectly I find it strange and unreasonable that someone who affirmatively offered the correct calculation is now faced with three different instances of an incorrect one I am NOT a non-lawyer I'm somebody in is and on that basis I panic and I tell my lawyer do it do it do it do it do it and then my lawyer comes back and tells me that's not the statute of limitation you don't have anything to worry about at that point is it reasonable to rely on the lawyer or on the jailhouse lawyer well let me correct your facts a little bit when he initially presents the statute of limitations the petitioner the lawyer agrees yeah the lawyer says yes you are correct this is our timing they work out the dates so to me it's unreasonable that the petitioner himself wouldn't have been at least alerted to the fact that the incorrect number had come in three separate letters over the summer the strongest argument for not relying on the lawyer is that the lawyer changed his mind that's the strongest argument for saying the jailhouse lawyer may know more than this guy and the question is is that yeah okay well I can see that I'm over my time I just would like to reiterate that the petitioner has made need has not made near the showing for either extraordinary circumstances or reasonable diligence in this case thank you I think you can hear in these arguments all sorts of assumptions that are not answered in the record about again my point earlier about this petitioner almost it's almost being treated as the senior partner of the firm who has a full understanding of everything that's going on here he's not talking to jail house lawyers this man by the way is legally not actually completely blind he's legally blind he's in a high-security prison and we don't know what's going on we don't and that doesn't help and you're to the benefit of the if I'm sorry I didn't let you finish out of your side but a person it would a nerd in Europe to their side if this was garden variety neglect if this was Dylan if it was a case like that but there's a whole there's a whole history here of undertakings and representations and I think judge Calabrese he's right this guy in his earlier letters is basically telling this man I've got this I got this in one of the letters he talks about his concerns about the statute of limitations and he's he's undertaking to look into it into and to follow the statute and so forth and he blows it your side's burden to come forward and establish yes no no I I think I did understand the question it is it is the burden and if if it but it's not just one of those cases where where the guy just completely miscalculates it doesn't file in time and that's all we've gotten this record we've got a record here to me supports having met that burden and then the question becomes well I mean again if you drew the line at April 2013 I don't think there's any doubt this precedence do you then without knowing what what went on in this this man's mind because it's not in the record do we say that he abandoned or forfeited or waived or some sort of variation because of this neck these next letters and I think that's inequitable more than a miscalculation I'm looking at appendix 156 from mr. Latino to to mr. Davis and it says I made a mental calculation that I had the full year and 90 days to file as if the statute of limitations clock had just started running but in fact the core of nobis merely told the statute I did not even think about it again until I revisited the calculation a few days ago there's nothing else I can say why that that is not Dylan so what why is that not a and I also hate the term garden variety but why isn't that just negligence because of all that happened before then I mean this is a lawyer who's paid to get it to understand and to implement and this is not the first letter in the case it's it's whatever the all those letters before then saying I've got this I'm looking into this we're going to get it right it's it's that level of undertaking which I think is the thrust of Holland which is that level of undertaking it's not just the attorney let the deadline pass and screwed up I oh geez I blew it there's a whole history here and that's that's what I'm relying on if I could I see that my reply time is also up but just there was a suggestion that that that the lawyer has to act in some kind of way that's misleading it's an equitable remedy and I think all the facts and circumstances are relevant but Holland is pretty clear because they they got rid of that 11th Circuit standard that had sort of a bad faith component in it faith is not in yeah yeah so I don't maybe I miss miss it miss heard but but I don't think that I'm required to show that this that the prior attorney was trying to be misleading or deliberately I also just very briefly I do think that there's a third lawyer here who may have blown it and that was the lawyer who got the the case on remand because the this court was concerned that the gentleman who was arguing where I'm arguing now had a conflict of interest and they remanded it was proper to look into that but the judge allowed him to supplement the petition and he makes these references this is why I am asking for you to consider that rep that alternative I mean he did say that there's there's phone calls and there's other information between the family and without any elaboration and I think that was a mistake too so I can see three people who who left this man with less than proper representation I hope I'm not the fourth thank you yes really well argued great arguments all morning thank you